■ ESTA B. HUTTNER, Individually and as Executrix of MATTHEW HUTTNER, Deceased, Appellant-Respondent, v PYRAMID COMMUNICATIONS, INC., Respondent-Appellant.—Order, Supreme Court, New York County, entered on September 1, 1977, denying plaintiff's motion for partial summary judgment on the first and fifth causes of action and to dismiss claimed setoff, and denying defendant's cross motion for partial summary judgment dismissing the first, second, third and fourth causes of action, unanimously modified, on the law, without costs and without disbursements, to the extent of granting plaintiff summary judgment on the fifth cause of action for interest on the death benefit payment from July 31, 1975 until October 25, 1975, and otherwise affirmed. In 1974, Pyramid Communications, Inc. (Pyramid) was acquired by Harcourt Brace Jovanovich (HBJ). Matthew Huttner, president and chief executive officer of Pyramid, entered into a new employment contract with that company on October 24, 1974, in which he was retained in the same capacity. The contract provided for a fixed compensation of $70,000 a year, plus an incentive bonus. It was also agreed that in the event of his death during the employment period, his compensation and

---

* There is some question as to whether he has continued to do so.

other rights under the agreement would terminate at the end of the month during which death occurs and that Pyramid, in lieu of additional compensation, would pay a lump-sum death benefit to his estate of $150,000. The contract also provided: "The employee shall be entitled subject to generally applicable eligibility standards, to participate in the HBJ Group Life Insurance Program and Blue Cross/Blue Shield Program on the same basis as participation therein is made available to the executive officers of HBJ". Under the HBJ Group Life Insurance Program employees with an annual compensation of more than $10,000 received a life insurance policy equal to two times the annual compensation without cost to the employee. Since Huttner's salary was $70,000, he would, as a member of the HBJ plan, have a right to receive cost free $140,000 of life insurance. Under the pre-existing Pyramid plan, Huttner was insured for the sum of $90,000. Huttner died on July 13, 1975. In affidavits submitted by Pyramid, it is stated without any substantial contradiction that efforts were made to arrange for a meeting to discuss the possible inclusion of Pyramid into the HBJ plan. Pyramid's executives, apparently acting pursuant to Huttner's directions, did not respond affirmatively to this suggestion. It is undisputed that at the time of his death on July 13, 1975, Huttner was not covered by the HBJ Group Life Insurance Program. Following his death, his estate received $90,000 under Pyramid's Group Life Insurance Plan, and on October 25, 1975, Pyramid paid Mr. Huttner's estate the $150,000 death benefit provided in the employment contract. In this action brought by Huttner's widow and executrix, six causes of action are arrested. The first alleges a breach of the employment agreement by Pyramid in failing to provide the decedent with $140,000 in life insurance coverage to which he would have been entitled under the HBJ group life insurance plan. The second, third and fourth causes of action derive from the first and require no further amplification. The fifth cause of action sought interest on the lump-sum death benefit from the date of death to the date of payment. The sixth cause of action is not here in issue. The defendant's answer denies the allegations, asserts that Huttner himself had failed to take the steps necessary to bring himself under the HBJ plan, alleges laches, and sets up as a counterclaim and setoff the contention that since the estate recovered $90,000 under the Pyramid group life insurance plan, it was not entitled to a duplicative recovery under the HBJ plan. Plaintiff moved for summary judgment on the first and fifth causes of action and to dismiss the counterclaim and setoff. Pyramid in turn cross-moved for summary judgment dismissing the first four causes of action. As to the first cause of action, we are in agreement with Special Term that issues of fact are presented that preclude summary judgment. The meaning of the controlling paragraph of the agreement, set forth above, is not free from ambiguity. It could mean, as urged by the plaintiff, that Huttner's rights under the HBJ plan were to become effective immediately subject at most to the performance of ministerial or clerical functions that involved no further action on his part. On the other hand, the paragraph is also susceptible of the interpretation pressed by Pyramid that Huttner's participation in the HBJ plan required some further affirmative action on his part either by way of a decision to participate or his co-operation with whatever was required to give legal effect to his coverage. Nor do we believe that the meaning of the language used is sufficiently clarified by the surrounding circumstances and later developments described in the affidavits submitted to support summary judgment for either side. The interpretations advanced by both parties rest on assumptions that are open to question. In substance, Pyramid claims that Huttner's right to participate in

the HBJ plan was dependent upon the inclusion within that plan of all of the employees of Pyramid. It is not explained why so significant a condition was not expressly set forth in a carefully drawn agreement. On the other hand, plaintiff's thesis requires acceptance of the proposition that Huttner believed at all times that he was covered by the HBJ plan even though the fact of coverage had not been confirmed explicitly in writing nor, it would appear, orally. It further implies Huttner's belief that he was entitled to be a beneficiary both under the pre-existing Pyramid plan as well as under the HBJ plan. Factual issues are clearly presented that require exploration at trial. This conclusion applies equally to the second, third and fourth causes of action which are linked to the first cause of action as well as to Pyramid's proposed setoff. As to the fifth cause of action, we think it clear from the language of the contract that the estate was entitled to receive the death benefit at the end of the month in which Mr. Huttner died, and that the plaintiff accordingly is entitled to summary judgment for interest from that date until the date that payment was in fact made. Concur—Silverman, J. P., Fein, Lane, Yesawich and Sandler, JJ.